## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LYNETTE MARTIN, individually and as Personal Representative of the estate of Daniel Martin, deceased,<br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CAUSE NO.: 4:19-CV-45-JVB-JEM<br>)<br>)<br>) |

## **OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint or, Alternatively, for Summary Judgment [DE 22], filed by the United States of America on September 17, 2019. Plaintiff Lynette Martin filed a response on October 2, 2019, and the Government filed a reply on October 23, 2019. For the reasons below, the Court grants in part, denies in part, and denies without prejudice in part the motion.

### PROCEDURAL BACKGROUND

Martin initiated this cause of action by filing a Complaint against the Government on May 6, 2019. Instead of filing a responsive pleading, the Government filed a motion asking the Court to dismiss the Complaint or, alternatively, to grant summary judgment in the Government's favor. In reaction to that motion, Martin filed an Amended Complaint, which is the operative pleading.

In the Amended Complaint, Martin divides her pleading into two counts against the Government. In Count I, Martin alleges that her husband, now deceased, received substandard care at Department of Veterans Affairs (VA) medical facilities maintained, operated, and controlled by the Government and that this care proximately caused or contributed to Martin's husband's death. Martin also alleges loss of consortium in Count I. In Count II, Martin alleges that the Government

actively concealed information from Martin and her family regarding the alleged medical negligence and causal connection between the care provided to Martin's husband and his death. Martin alleges that this concealment tolled the applicable statute of limitations and that the Government is estopped from using such a statute of limitations defense due to its concealment.

## ANALYSIS

### A. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not

accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

    *1.     Statute of Limitations*

The Government argues that Martin failed to timely file her administrative claim and, consequently, that Martin's claims should be dismissed. The Federal Tort Claims Act (FTCA) mandates that tort claims against the Government must be presented to the appropriate federal agency within two years of the claims' accrual. 28 U.S.C. § 2401(b). "Although the statute of limitations is an affirmative defense, [the plaintiff] has the burden of establishing an exception to the statute." *McCall ex rel. Estate of Bess v. United States*, 310 F.3d 984, 987 (7th Cir. 2002).

"[A] plaintiff's claim accrues when: (A) the plaintiff discovers; or (B) a reasonable person in the plaintiff's position would have discovered that he has been injured by an act or omission attributable to the government." *Arroyo v. United States*, 656 F.3d 663, 668 (7th Cir. 2011). The Seventh Circuit Court of Appeals emphasized that "an individual's FTCA claim accrues only when the individual knows (or should have known) of the 'cause that is in the government's control, not a concurrent but independent cause that would not lead anyone to suspect that the government had been responsible for the injury.'" *Id.* (quoting *Drazan v. United States*, 762 F.2d 56, 69 (7th Cir. 1985). A plaintiff's knowledge of a *medical cause* of an injury is insufficient to start the statute of limitations clock regarding a *governmental action* that might also have contributed to the injury. *Id.* at 669. However, accrual occurs when "(A) an individual actually knows enough to tip him off that a governmental act (or omission) may have caused his injury; or (B) a reasonable person in the individual's position would have known enough to prompt a deeper inquiry." *Id.*

The Government cites *Fisk v. United States*, 657 F.2d 167, 170 (7th Cir. 1981) for the proposition that a wrongful death claim accrues at death as a matter of federal law, but later cases

3

show this to not be the case. *See, e.g.*, *Drazan*, 762 F.2d at 59 ("When there are two causes of an injury, and only one is the government, the knowledge that is required to set the statute of limitations running is knowledge of the government cause, not just of the other cause."). Further, the Government itself acknowledges that, in some instances, a cause of action may not accrue until after the date of death. *See* (Mem. Supp. Mot. Dismiss 9, ECF No. 23).

In her Amended Complaint, Martin alleges that her husband began experiencing dizziness, headaches, and blurred vision in early 2015. A November 4, 2015 CT scan was interpreted as normal. Martin's husband was diagnosed with the aggressive cancer of glioblastoma in January 2016 and died as a result on February 8, 2016.

Martin further alleges that on November 30, 2017, Martin's daughter was contacted by the Danville, Illinois VA medical center's Chief of Radiology, who informed her that the November 4, 2015 CT scan had been incorrectly interpreted and that Martin's husband had received poor care, both of which caused Martin's husband's February 8, 2016 death. Martin's daughter relayed this information to Martin. Martin alleges that, prior to the Chief of Radiology's contact, neither Martin nor her daughter had any knowledge, information, or reason to suspect that the VA's actions or omissions caused, contributed to, or were related to Martin's husband's condition or death. Martin alleges that she filed a FTCA Form 95 on July 18, 2018.

Martin also alleges that the Government conducted a review of the care provided to Martin's husband, at which it was concluded that substandard and negligent care and treatment had been provided, which resulted in Martin's husband's death. Martin alleges that the Government actively concealed this information from Martin and her family. Martin alleges that this information was within the Government's exclusive control and was unavailable to her and that the Government's concealment of this information prevented her from filing an administrative

4

claim within two years of her husband's death. She further alleges that, because of the concealment, she and her family could not have reasonably discovered the substandard care or its causal connection to her husband's death.

The Government argues that Martin's claim accrued on February 8, 2016, upon Martin's husband's death. Martin counters that it accrued no earlier than November 30, 2017, when Martin's daughter was contacted by the Chief of Radiology.

As stated above, for the purpose of a motion to dismiss, the Court must accept the allegations of the complaint as true, though it need not accept conclusory legal statements. The allegations are sufficient to show that the claim accrued no earlier than November 30, 2017.

Per the allegations of the Amended Complaint, Martin was aware of the medical cause of her husband's death—glioblastoma—at the time he died, but she was not aware of Government actions or omissions may have contributed to the death. *See Arroyo*, 656 F.3d 669. Of course, if a reasonable person would have known enough to prompt further inquiry into the death, then the claim's accrual would have begun earlier, but the allegations lead to the conclusion that a reasonable person would not have been prompted to inquire further. The allegations are that Martin's husband had medical issues in 2015, that a November 2015 CT scan was normal, and that he was diagnosed with an aggressive cancer in January 2016, which medically caused his death. These allegations are coupled with those contending that the Government actively sought to keep information from Martin that would have helped her—or a reasonable person in her position— gain the knowledge necessary to prompt further inquiry.

The Government cites *United States v. Kubrick*, 555 U.S. 111, 123 (1979), and *Warrum v. United States*, 427 F.3d 1048 (7th Cir. 2005), in support of its position. Both cases, however, are distinguishable. In *Kubrick*, the plaintiff experienced hearing loss after surgery and treatment for

5

infection of his right femur. A physician informed the plaintiff that treatment with neomycin was the likely cause of his deafness. The unexpected result of hearing loss after femur treatment combined with the plaintiff's knowledge of the possible connection between the neomycin treatment and his injury could cause a reasonable person to inquire further. But, in the instant case, there is no unexpected result. Martin's husband succumbed to his aggressive form of cancer, an unfortunate but not unexpected outcome.

In *Warrum*, the facts are inapposite. There, the FTCA administrative claim for wrongful death was filed *prematurely*, that is, before the alleged wrongful death occurred. So, while this case supports the Government's statement that the claim did not accrue before Martin's husband's death, it does not speak to whether the claim accrued upon the death or, instead, at a later time.

The Court is not inclined to find that a devastating medical diagnosis of aggressive cancer puts a reasonable person on notice to suspect medical malpractice regarding prior treatment when that cancer leads to the not unexpected result of death. Here, the Court finds that, for the purposes of a motion to dismiss, Martin's claim did not accrue at her husband's death and instead accrued when the Chief of Radiology informed Martin's daughter that Martin's husband had received substandard care and that the November 2015 CT scan was interpreted incorrectly. The July 18, 2018 filing of the administrative claim was within the two year limitations period that began no earlier than November 30, 2017. The motion to dismiss based on failure to timely file an administrative claim is denied.

2. *Fraudulent Concealment*

The FTCA does not waive the Government's sovereign immunity for claims arising out of misrepresentation or deceit. 28 U.S.C. § 2680(h). That is, where a governmental misrepresentation—whether negligent or intentional—is essential to a plaintiff's claim, § 2680(h)

bars that claim. *Block v. Neal*, 460 U.S. 289, 295-97 (1983). Based on this, the Government asserts that Martin has no independent route to relief based on the allegations that the Government intentionally concealed information that it provided substandard care and incorrectly interpreted the November 4, 2015 CT scan.

In her response, Martin does not argue that she has an independent claim for substantive relief based on the alleged fraudulent concealment. Instead, she argues that the fraudulent concealment shows why the statute of limitations should not bar her wrongful death and loss of consortium claims. Given the lack of argument that an independent cause of action should survive and the legal authority cited above, the Court dismisses any independent claim for relief based on fraudulent concealment. However, to the extent that the allegations contained in Count II support the finding that Martin's administrative claim was timely filed because the claim did not accrue until at least November 30, 2017, those allegations survive.

### B. Motion for Summary Judgment

It is this Court's preference to allow full discovery before entertaining motions for summary judgment. This case is still in its infancy. No pretrial conference has occurred, and no scheduling order has been issued. Thus, at this time, the request for summary judgment is denied without prejudice and with leave to refile after the close of discovery.

### CONCLUSION

Based on the above, the Court hereby **GRANTS in part**, **DENIES in part**, and **DENIES without prejudice in part** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint or, Alternatively, for Summary Judgment [DE 22]. Any independent claim for relief based on fraudulent concealment is **DISMISSED**. All other claims and allegations survive. The request for summary judgment may be renewed after the close of discovery.

SO ORDERED on August 31, 2020.

                                              s/ Joseph S. Van Bokkelen
                                              JOSEPH S. VAN BOKKELEN, JUDGE
                                              UNITED STATES DISTRICT COURT